IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES, ex rel. TODD ALAN DUELL, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF HAWAII, ET AL., <br><br> Defendants. | CIV. NO. 26-00161 JMS-RT <br><br> ORDER FOR PLAINTIFF TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED WITHOUT LEAVE TO AMEND; AND FOR CLERK TO UNSEAL COMPLAINT |

**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED WITHOUT LEAVE TO AMEND; AND FOR CLERK TO UNSEAL COMPLAINT**

## I. INTRODUCTION

On March 31, 2026, pro se Plaintiff Todd Alan Duell ("Plaintiff" or "Duell") filed a "Petition for Qui Tam Complaint" "In Camera and Under Seal Pursuant to 31 U.S.C. § 3730(b)(2)" against the State of Hawaii and several officials of the State of Hawaii and of the City & County of Honolulu.  ECF No. 1. The Complaint asserts that "Relator-Petitioner is the disregarded entity 'TODD ALAN DUELL' and the "UNITED STATES is the Real Party in Interest."  *Id.* at PageID.1.  The Complaint was filed under seal because it cites the federal False

Claims Act, 31 U.S.C. §§ 3729–3733 ("FCA").  *See* 31 U.S.C. § 3730(b)(2) ("The complaint shall be filed in camera . . . .").[1]

Based on the following, the court ORDERS Plaintiff to show cause by **April 30, 2026**, why the Complaint should not be dismissed.  *See, e.g.*, *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007) (holding that a pro se relator cannot "prosecute a qui tam action on behalf of the United States"); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) (holding that pro se litigants lack statutory standing to bring qui tam claims because "relators lack a personal interest in False Claims Act qui tam actions" and "are not entitled to proceed pro se").  Alternatively, by **April 30, 2026**, Plaintiff may obtain licensed counsel who may enter an appearance and certify in good faith that there is a basis for filing a legitimate FCA suit.  If counsel enters such an appearance, counsel may seek leave to file an Amended Complaint under seal in compliance with the provisions of the FCA.  If Plaintiff does not show cause or have counsel enter an appearance by **April 30, 2026**, the court will dismiss the action without leave to amend.

Additionally, because Plaintiff may not bring a pro se qui tam FCA action and because the current Complaint otherwise lacks any basis to proceed as a qui tam action under the FCA, the Clerk is directed to UNSEAL the Complaint and

---

[1]  Plaintiff paid the $405 filing fee.  *See* ECF No. 2.

Exhibit A, ECF Nos. 1, 1-1.[2]  *See, e.g., United States ex rel. Tung v. Hemmings*, 2019 WL 3936968, at *2 (S.D.N.Y. Aug. 20, 2019) ("[B]ecause the Court finds that Plaintiff does not have standing to bring a qui tam action, the Clerk of Court is directed to unseal this matter.  All documents in the case should be filed unsealed.").

## II.  <u>DISCUSSION</u>

A federal court must screen an in forma pauperis civil action to determine whether it is "frivolous or malicious[,] . . . fails to state a claim on which relief may be granted[,] or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  And even if a Plaintiff has paid the full filing fee, a court may dismiss a complaint sua sponte provided the court "give[s] notice of its intention to dismiss and afford[s] plaintiffs an opportunity to at least submit a written memorandum in opposition . . . ."  *Reed v. Lieurance*, 863 F.3d 1196, 1207 (9th Cir. 2017) (citations and internal quotation marks omitted); *see also Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) ("[T]he district court must give notice of its sua sponte intention to dismiss . . . ."); *Belanus v. Clark*, 796 F.3d 1021, 1029 (9th Cir. 2015)

---

[2]  Exhibit B, which appears to include private information covered under Federal Rule of Civil Procedure 5.2(a), shall remain under seal at present, subject to unsealing with redactions later if necessary.

("A frivolous action clogs the system and drains resources regardless of whether the plaintiff pays the filing fee or proceeds in forma pauperis.").

Accordingly, the court gives Plaintiff notice of its intention to dismiss the Complaint without leave to amend unless Plaintiff can show cause why the court should not do so.  After a review of the Complaint, it is clear under well-settled law that it should be dismissed.  This is purported to be a qui tam action under the FCA.  Plaintiff is proceeding pro se and acknowledges that the United States is the real party in interest (if there is one).  *See* ECF No. 1 at PageID.1, 4.  But a plaintiff may not file a qui tam action on a pro se basis.  *See, e.g., Stoner*, 502 F.3d at 1127 (holding that a pro se relator cannot "prosecute a qui tam action on behalf of the United States"); *Mergent Servs.*, 540 F.3d at 93 (upholding dismissal of pro se qui tam case, reasoning that "as the United States remains the real party in interest in qui tam actions, the case . . . is not the relator's own case as required by 28 U.S.C. § 1654, nor one in which he has an interest personal to him") (quotation marks and citations omitted); *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 244 (4th Cir. 2020) ("[A] relator cannot pursue a qui tam FCA suit pro se."); *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1076–77 (7th Cir. 2013) ("[T]o maintain a suit on behalf of the government, the relator (as the qui tam plaintiff is termed) has to be either licensed as a lawyer or represented by a lawyer . . . .");

4

*Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[Plaintiff] could not maintain a qui tam suit under the FCA as a pro se relator.").

Moreover, the Complaint itself provides no basis for relief under the FCA. That is, the Complaint violates Federal Rule of Civil Procedure 8 and fails to state a claim. *See* Fed. R. Civ. P. 8(a) (providing that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and a "short and plain statement of the grounds for the court's jurisdiction"); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009) (explaining that, in considering whether a complaint fails to state a claim, the court must set conclusory factual allegations aside, accept non-conclusory factual allegations as true, and determine whether these allegations state a plausible claim for relief) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, even liberally construing it, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Complaint both "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B), and fails to comply with Rule 8. The Complaint is incoherent and rambling. To begin, Plaintiff identifies himself in an affidavit as follows:

> I, Todd: Duell, Sui Juris, am now giving FULL NOTICE
> OF DISCLOSURE as to my formal request to the
> CLERK OF COURT for my "SPECIAL VISITATION"
> Sui Juris, Secured Party (U.C.C. § 9-105), NON-
> PERSON (U.C.C. § 1-201 (27)), NON-RESIDENT
> NON-DEBTOR (28 U.S.C. § 3002(4)), NON-

> CORPORATE, NON-FICTION, NON-SUBJECT, NONPARTICIPANT in any government programs, a Living flesh and blood Man, standing on the ground, undiminished capacity, NONCITIZEN, Internationally Protected Person bearing CUSIP: **903287506**, United States Secretary of State Contract number: **23/01414:A22637197** (18 USC § 112, PL 94-467, PL 92-539), made by absolute ministerial right to the Federal Court pursuant to Federal Rute 8 (E) of the Rules of Practice and Procedure as a "Restricted Appearance."

ECF No. 1 at PageID.4–5.

Although unclear, Plaintiff's theory appears to be that the State and City & County of Honolulu entities defrauded the United States, described in part by the following:

> The following corporate entities, municipalities, agencies, etc., and named Defendants acting as public trustees are being charged in both their public official and private capacity by operating under color of law at all times in violation of 42 USC §§ 1983, 1985, 1986 and 18 USC §§ 242, 245, 28 USC § 1343(a)(1-4) and by striking against their oaths and the United States government in violation of 5 USC §§ 3331, 3333, 7311, and 18 USC § 153 "Embezzlement against Estate" by intentionally, deliberately, and negligently disregarding IRS administrative laws and who appear as incidental beneficiaries committing defalcation.  They appear to be taking false exemptions as willful tax protesters and tax evaders and refuse to file tax returns or supply tax records as a custom or policy to conceal willful and intentional fraud.  The bad actors have failed to declassify the transfer of securities on their general ledgers and balances sheets of their certified annual financial reports in violation of the Sarbanes Oxley Act and the Securities and Exchange Act; 18 USC § 1350.  The list of named defendants includes all

successors and assigns and agents.  Both CITY AND
COUNTY OF HONOLULU and STATE OF
HAWAII agencies are involved.

*Id.* at PageID.7–8.  The Complaint, including an affidavit attached to it, explains:

It appears that the named defendants have sold,
transferred, or conveyed the securities to another person.
Relator never received any tax forms from the named
Defendants, including but not limited to IRS Form 1099
A "Acquisition or Abandonment of Secured Property."
Relator never indorsed the securities at bar.  There is no
contract, no agency agreement, no power of attorney, and
no power of trustee authorizing the use or access of the
disregarded entity "TODD ALAN DUELL" tax records
or for the creation of any bid, performance, and payments
bonds or any other securities.

*Id.* at PageID.11.  It continues:

The named Defendants appear to be engaged in the
creation, sale, and transfer of security instrument(s)
bearing CUSIP: **091472209**, **4812C0373**.
In accordance to FASB rules for derecognition of
financial instruments transfer, the named Defendants are
mandated to document the accounting on the General
Ledger and Balance Sheet when they are created,
acquired, sold, transferred, exchanged, abandoned, etc.
The named Defendants are claiming they have no
financial records to account for the instrument(s) at bar.
This is willful gross accounting misconduct, gross
negligence, and willful disregard of the administrative
law of the Internal Revenue Service, and fraud and false
statements and concealment.  **This is grounds to audit
the Defendants violating 26 USC §§ 7201-7206**.

*Id.* at PageID.13.

After listing 22 counts of alleged violations of various statutes,

7

Plaintiff seeks "recoupment" of $53,604,135,000, along with the "Qui Tam Filing Fee" of $405, "Printing & Mailing Costs," and "Postage Costs."  *Id.* at PageID.36.

Additionally, Plaintiff seeks various forms of injunctive relief, including:

> 4.  That all trusts for any securities at bar shall be immediately ordered revoked and revested back to a restricted trust account in the name of the Relator, Secured Party Grantor, Bailor, Owner, and Beneficiary for willfully violating 26 USC § 676,
>
> . . . .
>
> 9.  Order the name[d] Defendants to identity the name and contact information for their Bail Bond third party surety company and order the production of the security instruments, and
>
> 10.  Order the name[d] Defendants to disclose the agency, the name of the person, and their securities license and bonding and underwriting policy to create the CUSIP securities at bar in the name of the Relator and produce their contract, agency agreements, power of attorney, power of trustee, and any other authorization documents to create and sell any securities on behalf of the Relator.
>
> 11.  Order the Securities and Exchange Commission to produce the original Bid, Performance, and Payment bond(s) for the CUSIP securities at bar for inspection for aggravated identity theft and fraud.  See SEC Rule l0b-5, 18 USC §§ 472, 475.
>
> 12.  Order all Clerks of the Court, Judges, and BAR members or any other named Defendant working for a Public Agency, who may also be required to have an Oath of Office on file to produce a properly notarized SF-61 and FARA registration statement under 22 USC § 611 et. seq. (See 611-613g).

8

13.  Order the Internal Revenue Service to place an IRS Criminal Investigation Division, CPA, Enrolled Agent, who is GAAP/GAAS certified over the CFO and/or Agency Executive Finance Officer to audit, monitor, and correct all IRC violations, including investigating possible IRC § 679 violations for the Foreign Granter Trust, and

. . . .

17.  Order the Social Security Administration to perform a mandatory audit by an independent CPA of the access and use of Realtor-Petitioner's Social Security Number, <u>and</u>

18.  That this Court enter judgment against the named Defendants in an amount equal to three (3) times the amount of damages the UNITED STATES has sustained because of Defendant's actions, plus a civil penalty of not less than $5,000 and not more than $11,000 for each violation of 31 USC § 3729 . . . .

*Id.* at PageID.37–40.

Given these specious allegations, the Complaint plainly fails to state a plausible claim under the FCA.  *See Iqbal*, 556 U.S. at 677–80.

### III.  <u>CONCLUSION</u>

Accordingly, the court gives notice to Plaintiff that the court intends to dismiss the Complaint without leave to amend, unless Plaintiff can show cause by **April 30, 2026**, why the Complaint should not be dismissed.  Any response is limited to ten pages.  Alternatively, counsel who is licensed to practice in Hawaii and is authorized to practice in the District of Hawaii may enter an appearance by

**April 30, 2026**, and explain in good faith how Plaintiff could file a valid qui tam FCA complaint. If counsel enters such an appearance, counsel may seek leave to file an Amended Complaint under seal in compliance with the FCA. If such response is not filed by **April 30, 2026**, the court will dismiss the Complaint without prejudice and instruct the Clerk to close the case.

Meanwhile, the Clerk is directed to UNSEAL the Complaint and Exhibit A, ECF Nos. 1, 1-1. *See, e.g.*, *Hemmings*, 2019 WL 3936968, at *2 ("Normally a qui tam complaint would remain sealed for sixty days . . . during which time the government must determine whether to intervene and proceed with the action. . . . But because the Court finds that Plaintiff does not have standing to bring a qui tam action, the Clerk of Court is directed to unseal this matter. All documents in the case should be filed unsealed.") (citations omitted).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 3, 2026.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

10